NO. 07-07-0122-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 26, 2007


______________________________



MARK ANTHONY CASTANEDA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15951-0503; HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant Mark Anthony Castaneda, acting pro se, filed a statement with the trial
court indicating his desire to appeal from the trial court's action, by which he was
adjudicated guilty of theft and received a sentence including two years incarceration in a
state jail. The statement also indicates appellant's desire for counsel. The clerk's record
has been filed, and contains the trial court's certification that appellant has a right of
appeal. (1) Tex. R. App. P. 25.2.(d). The reporter's record has not been filed, and the
reporter has filed a request for extension stating that no record has been requested. Tex.
R. App. P. 34.6(b). The clerk's record contains documentation indicating that appellant
waived his right to counsel at the adjudication proceeding. However, the written waiver of
counsel contained in the record pertains to a related proceeding in county court, and we
are unable from the record now on file to determine whether appellant's waiver of counsel
applies to this appeal. See Tex. Code Crim. Proc. Ann. arts. 1.051(d) (indigent defendant
entitled to appointed counsel on appeal), 1.051(h) (defendant may withdraw waiver of right
to counsel) (Vernon 2005). 

 Accordingly, we now abate this appeal and remand the cause to the 242nd District
Court of Hale County for further proceedings. Upon remand, the trial court shall utilize
whatever means necessary to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and

 3. whether the appellant is entitled to appointed counsel.

 Should it be determined appellant wishes to prosecute the appeal, is indigent, and
is entitled to an appointed attorney, the trial court shall appoint counsel. If counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in an order appointing counsel. The trial court shall issue such findings
of fact and conclusions of law, and such other orders, as it finds appropriate regarding the
aforementioned issues and cause any such findings, conclusions, and orders to be
included in a supplemental clerk's record. A supplemental record of the hearing, if any,
shall also be prepared. The supplemental clerk's record and supplemental reporter's
record, if any, shall be filed with the Clerk of this Court on or before July 26, 2007.

 It is so ordered.


 Per Curiam





1. That right is subject to the limitations on appeals following an adjudication of guilt
after deferral. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006).